UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Hygenix, LLC, | Case No.: 2:21-cv-00957-JAD-EJY |
|---|---|
| Plaintiff | |
| v. | **Order Granting in Part Motion for Default Judgment** |
| Jiaming Xie, | [ECF No. 10] |
| Defendant | |

Hygenix, LLC sues Jiaming Xie for a host of claims arising from his successful use of a fraudulent cashier's check to obtain $100,000 in cash.[1] Xie failed to answer the complaint, Hygenix moved for entry of default, and the clerk entered it.[2] Hygenix now moves for default judgment to recover Xie's ill-gotten gains plus accrued interest, punitive damages, and attorneys' fees and costs.[3] Because Hygenix has shown that it is entitled to the principal amount plus interest, I grant its motion in part.

**Discussion**

**I.     Default-judgment standard**

Federal Rule of Civil Procedure (FRCP) 55(b)(2) permits a plaintiff to obtain default judgment if the Clerk of Court previously entered default based on the defendant's failure to defend.[4] The court has discretion to enter default judgment,[5] which is guided by the seven factors established by the Ninth Circuit in *Eitel v. McCool*:

---

[1] ECF No. 1.

[2] ECF No. 8; ECF No. 9.

[3] ECF No. 10 at 1.

[4] *See* Fed. R. Civ. P. 55(b)(2).

[5] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.[6]

Because default has already been entered in this case, the court must take all of the complaint's factual allegations as true, except those relating to damages.[7]  "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default,"[8] and the court can consider additional proof of facts or damages to ensure that default judgment is appropriate.[9]

## II. The *Eitel* factors weigh in favor of granting default judgment in part.

### A. The first, fifth, sixth, and seventh *Eitel* factors

In cases like this one in which the defendant has not participated in the litigation, the first, fifth, sixth, and seventh *Eitel* factors are easily satisfied.  The first factor clearly weighs in favor of default judgment—if I were to deny Hygenix's motion, it would leave Hygenix without other recourse or remedy and cause it to incur significant prejudice.  The fifth and sixth factors also weigh in favor of default judgment.  Due to Xie's failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect.  Although the seventh factor "arguably always weighs against the entry of default judgment"[10] because cases "should

---

[6] *Eitel*, 782 F.2d at 1471–72.

[7] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

[8] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[9] *See* Fed. R. Civ. P. 55(b)(2).

[10] ECF No. 22 at 12.

2

be decided on their merits whenever reasonably possible,"[11] when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible."[12] So the seventh factor is outweighed by the other factors here.

### B. The second and third *Eitel* factors

The second and third *Eitel* factors require Hygenix to demonstrate that it is entitled to relief for its stated claims.[13] "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important."[14] Hygenix pleads claims for fraud and negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Because I must accept all of the facts alleged in Hygenix's complaint as true, I find that its claims merit relief.

#### 1. *Fraud and negligent misrepresentation*

In Nevada, fraudulent misrepresentation and negligent misrepresentation both require proof that (1) the defendant supplied false information or made a false representation,[15] (2) the plaintiff justifiably relied on the misrepresentation, and (3) the plaintiff was damaged as a result of its reliance.[16] Fraudulent misrepresentation also requires proof of the "[d]efendant's

---

[11] *Eitel*, 782 F.2d at 1472.

[12] *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

[13] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[14] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

[15] "The tort of negligent misrepresentation 'requires an affirmative false statement; a mere omission will not do [,]' so alleged omissions can be pursued only under the theory of fraudulent misrepresentation." *Landow v. Barlett*, 2019 WL 8064074, at *3, n.26 (D. Nev. Nov. 18, 2019) (citing *Republic Bank & Trust Co. v. Bear, Stearns & Co., Inc.*, 707 F. Supp. 2d 702, 713–14 (W.D. Ken. 2010) ("applying Kentucky law, which, like Nevada, 'follows the Restatement' for negligent misrepresentation")).

[16] Compare *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (quoting Restatement (Second) of Torts § 552 for the elements of negligent misrepresentation), *with*

knowledge or belief that the representation is false (or [that the defendant] had an insufficient basis for making the misrepresentation)" and "intention to induce plaintiff to act or refrain from acting in reliance upon the misrepresentation."[17] Negligent misrepresentation requires proof that the defendant "failed to exercise reasonable care or competence in obtaining or communicating the information."[18]

Hygenix alleges that Xie made a false representation when he exchanged a fraudulent cashier's check for $100,000 in cash.[19] Hygenix argues that it reasonably relied on Xie's representation when it deposited the bogus check at its bank, and it suffered damages in the amount of $100,000 when it learned that the check was fraudulent.[20] To establish fraud, Hygenix argues that Xie knew the check was fraudulent.[21] And to establish negligent misrepresentation, Hygenix contends that Xie refused to repay the money.[22] Because Xie failed to defend against these allegations and default was entered, I must accept Hygenix's well-pled factual account of these events as true. And they establish the elements of fraud and negligent misrepresentation.[23]

---

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (identifying the elements of fraudulent misrepresentation).
[17] *Bulbman*, 825 P.2d at 592.
[18] *Halcrow,* 302 P.3d at 1153.
[19] ECF No. 1 at ¶ 21.
[20] *Id.* at ¶¶ 10, 23, 29.
[21] *Id.* at ¶ 21.
[22] *Id.* at ¶ 43.
[23] Fed. R. Civ. P. 8(b)(6).

### *2. Breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment*

Hygenix also alleges that Xie breached their contract and its implied covenant of good faith and fair dealing. A breach-of-contract claim in Nevada requires the (1) formation of a valid contract, (2) performance or excuse of performance by the plaintiff, (3) material breach by the defendant, and (4) damages as a result of the breach.[24] Additionally, "[a]n implied covenant of good faith and fair dealing is recognized in every contract under Nevada law,"[25] and "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith."[26] Hygenix claims that it entered into a valid contract with Xie when they both agreed to the monetary exchange.[27] Hygenix argues that it performed its duty by negotiating the cashier's check and providing Xie with $100,000 in cash and that Xie's refusal to repay constitutes breach.[28] Hygenix also contends that, by intentionally failing to cover the loss caused by the fraudulent cashier's check, Xie breached the implied covenant of good faith and fair dealing.[29]

Hygenix's last claim is for unjust enrichment, which "is the unjust retention of [another's money] against fundamental principles of justice or equity and good conscience."[30] The Nevada

---

[24] *Greenstein v. Wells Fargo Bank, N.A.*, 746 F. App'x 637, 638 (9th Cir. 2018) (quoting *Laguerre v. Nev. Sys. of Higher Ed.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011)).

[25] *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev.1993).

[26] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991).

[27] ECF No. 1 at ¶¶ 48–49.

[28] *Id.* at ¶¶ 51–52.

[29] *Id.* at ¶ 58.

[30] *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (1992) (internal quotation marks omitted).

Supreme Court lists the elements of unjust enrichment as (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance and retention of the benefit by the defendant.[31]  Hygenix argues that it conferred a benefit on Xie by providing him $100,000 in exchange for a guaranteed-funds negotiable instrument; Xie accepted this benefit but has not covered that check.[32]  Taking Hygenix's factual allegations as true, Xie was unjustly enriched by passing a fraudulent cashier's check.  Because Hygenix sufficiently demonstrated that it may recover under its stated claims, I find that the second and third *Eitel* factors weigh in favor of default judgment.[33]

### C. The fourth *Eitel* factor

The fourth *Eitel* factor concerns the damages at stake in the case.  Hygenix seeks the principal amount of $100,000; $299.04 in accrued interest as of October 19, 2021; $300,000 in punitive damages; and attorneys' fees and costs.[34]  *Eitel*'s sum-of-money factor requires the court to consider the amount of money at stake in relation to the seriousness of the defendant's conduct.[35]  Default judgment is disfavored if the sum of money at stake is "completely disproportionate or inappropriate"[36] or if the plaintiff cannot recover its damages under the laws for which it seeks a remedy.

---

[31] *Id.* (quoting *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).

[32] ECF No. 1 at ¶¶ 64, 67.

[33] *See Danning*, 572 F.2d at 1388.

[34] ECF No. 10 at 1, 3.

[35] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Cal. Sec. Cans*, 238 F. Supp. 2d at 1176).

[36] *Id.*

6

Hygenix's request for damages is reasonable except for its request for punitive damages. "A plaintiff is never entitled to punitive damages as a matter of right."[37] The court must have independent evidence to support such an award because conduct alleged in a complaint that is worthy of punitive damages is not admitted by default.[38] An award of punitive damages requires clear and convincing evidence of fraud, malice, or oppression.[39] Although Hygenix claims that Xie presented a fraudulent cashier's check in bad faith,[40] I must also consider "numerous factors including the defendant's financial position, culpability, and the extent to which this culpability offends one's sense of justice" when determining whether punitive damages in any amount is warranted.[41] Hygenix has not offered evidence of Xie's financial status or culpability, or the extent to which Xie's culpability offends one's sense of justice. So while Hygenix has not shown that punitive damages are awardable, its requested principal sum of money plus accrued interest are proportional to its injury. This factor thus weighs in favor of default judgment in those amounts.

Hygenix also asks for attorneys' fees and costs in its motion,[42] but it has made no effort to argue the merits of that request or satisfy the extensive requirements outlined in Local Rule

---

[37] *Dillard Dep't. Stores v. Beckwith*, 989 P.2d 882, 887 (Nev. 1999) (quoting *Ramada Inns v. Sharp*, 711 P.2d 1, 2 (1985)).

[38] *See, e.g.*, *Protectus Alpha Nav. Co., Ltd. v. N. Pac. Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir. 1985) ("[P]unitive damages are not a favorite in the law and are never awarded as of right, no matter how egregious the defendant's conduct."). And "evidence of a defendant's financial condition is essential to support an award of punitive damages." *Rozario v. Richards*, 687 Fed. App'x 568, 571 (9th Cir. 2017).

[39] *Bongiovi v. Sullivan*, 138 P.3d 433, 450–51 (Nev. 2006).

[40] ECF No. 1 at ¶ 59.

[41] *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1053 (Nev. 2000).

[42] ECF No. 1 at ¶ 55; ECF No. 10 at 3.

54-14.[43]  And although Hygenix has supplied a bill of costs, it did so as an exhibit to the default-judgment motion.[44]  Hygenix is instructed to file its bill of costs as directed by Local Rule 54-1.[45]  For now, and because the request for fees and costs does not comply with the local rules, the request is denied without prejudice.

### Conclusion

IT IS THEREFORE ORDERED that Hygenix's motion for default judgment **[ECF No. 10] is GRANTED in part** and denied in part.  With good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER FINAL JUDGMENT against the defendant for $100,299.04** (which consists of the principal amount of $100,000 and $299.04 in accrued interest),[46] with post-judgment interest under 28 U.S.C. § 1961 until paid in full, and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 11, 2022

---

[43] L.R. 54-14.

[44] ECF No. 10-4.

[45] L.R. 54-1.

[46] This amount of accrued interest was calculated as of October 19, 2021.  ECF No. 10 at 1.  If the amount has changed since that date, Hygenix should move for an amended judgment reflecting the updated figure.